**Arthur Nathaniel YOUNG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60579.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 23, 1981.

Rehearing Denied Oct. 28, 1981.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., & Fred C. McDaniel, Brad Lollar & Matt Fry, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for resisting arrest. After convicting appellant, the jury assessed his punishment at one (1) year's confinement in the county jail and a fine of $1,000.00.

The record indicates that on June 19, 1977, appellant was at a musical concert at the Fair Park Coliseum in Dallas. There were approximately five bands scheduled to perform that evening, and the performances took place on a stage at one end of the coliseum, which stage was raised about five feet from ground level. There were two stairways at the back of the stage leading from the ground level to the stage, and these were the only means of access to the stage. Officer John Smith, an off-duty Dallas police officer, was stationed at the stairway at the left rear of the stage. His duty was to keep unauthorized persons from gaining access to the stage. Officer Smith first noticed appellant as appellant was walking up the stairs onto the stage. Officer Smith did nothing, believing appellant to be a member of one of the bands. Another person approached Smith, however, and indicated that appellant was not with the performance and one of the band members then asked appellant to leave the stage, and appellant complied. As appellant was coming down the steps, Smith walked up to him and warned him that he was not to come on stage again. Appellant attempted to explain to Smith that he was a performer with the band, but Smith was unconvinced, and appellant walked away.

Appellant approached Smith on two other occasions that evening and tried to gain access to the stage by telling Smith that he was a performer with the group on stage. It was later determined that appellant also had attempted to gain access to the stage by way of a backstage stairway on the other end of the structure.

At some time later that evening, approximately 10:30 p. m., Smith saw appellant standing in the middle of the stage. As Smith was taking action to remove appellant, several members of the band performing at that time escorted appellant to the rear of the stage and pushed him off onto the ground below. Smith then took out his handcuffs, handcuffed appellant, and placed him under arrest for disorderly conduct. Smith and Sgt. Roy Vaughn, another off-duty Dallas officer, escorted appellant to the security office of the coliseum.

When they arrived at the security office, which was approximately eight by ten feet with two chairs and a desk in it, officer Vaughn called the police dispatcher on the telephone to have officers sent to the scene to transport appellant to the city jail. J. D. Horvath, a park police officer, responded to the call. Upon arriving, Horvath requested an additional officer to assist him in transporting appellant. Officer Terry Mullenix, a Dallas police officer who was on duty at the time, arrived shortly thereafter in response to that call. During this time, appellant was acting in belligerent manner and was ordering the officers to sit down and to do certain acts. Officer Smith believed appellant to be intoxicated to some extent. He did not appear to have control of his faculties, and his statements had no logical flow to them.

When the transporting officers arrived, officer Smith told appellant to turn around and face the desk so that Smith could remove his own handcuffs and place Horvath's onto appellant's hands. When appellant turned around and faced the desk, officer Smith leaned appellant over the desk, grasped the chain between the handcuff with his left hand, and unfastened the right handcuff. At this point, appellant pulled away from Smith, began swinging his arms, and struck officer Mullenix in the face. At this point, all of the officers present moved immediately to restrain appellant, and appellant was carried struggling and kicking from the security office to the patrol car for transportation to the jail.

In his first ground of error, appellant contends that the evidence is insufficient to sustain the conviction for resisting arrest, and the information and evidence in the case support, if anything, a conviction for some other offense. We agree.

V.T.C.A., Penal Code, § 38.03(a), provides as follows:

"A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another."

Under Article 15.22, V.A.C.C.P., "A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest or by an officer or person arresting without a warrant." From all of the testimony, it was clear that appellant was placed under arrest by officer Smith immediately after being pushed off the stage onto the ground by the members of the performing band. Both Smith and Sgt. Vaughn testified that this was so. The arrest was complete at this moment, and thus the later violent actions by appellant could not have been in resistance to the arrest. Interpreting the testimony in the light most favorable to the verdict, it appears that appellant could have been charged with the offense of aggravated assault on a peace officer for his actions against officer Mullenix, V.T.C.A., Penal Code, § 22.02(a)(2); or attempted escape, id., §§ 38.07(a) and 15.01(a). Cf. *Washington v. State*, 525 S.W.2d 189 (Tex.Cr. App.1975), wherein the appellant dragged the officers for some distance as they were attempting to complete the act of arresting her, and which conduct we held a sufficient showing of force to constitute resisting arrest.

The State could have chosen to charge appellant with either of these offenses, or some other offense provable on the facts of record in this case, but instead decided to charge him for and attempt to prove the

offense of resisting arrest in his act of "pulling away" from officer Smith. We find that in attempting to do so, the State presented evidence which, taken as a whole, is insufficient to support the conviction.

The judgment is reversed and reformed to show an acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).