# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00672-CV

## In the Matter of M. H.

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. J-22,097, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant M.H. was adjudicated delinquent for the offense of resisting arrest. *See* Tex. Fam. Code Ann. § 51.03(a)(1) (West 2002); Tex. Pen. Code Ann. § 38.03(a) (West 2003). In this appeal, appellant argues that the evidence is legally and factually insufficient to support the adjudication. We will affirm.

## BACKGROUND

On May 9, 2002, Officer M. Delarosa of the Pflugerville Police Department was dispatched to Albertson's grocery store to find appellant, who had left Pflugerville I.S.D.'s Opportunity Center without permission.[1] Delarosa saw appellant talking on a pay telephone inside

---

[1] Pflugerville I.S.D. Opportunity Center provides instruction for middle school and high school students with special educational and behavioral needs in a setting separate from the regular classroom.

the store and approached her. When appellant told Delarosa that she would walk back to school by herself, Delarosa advised appellant that she was being detained for truancy. Appellant willingly left the building with Delarosa. However, when Delarosa opened his car door to return appellant to the school, she refused to get in the car. Instead, appellant started to walk away. Delarosa grabbed appellant's upper left arm and tried to maneuver her into the car. Appellant resisted and tried to pull away. Although Delarosa instructed appellant to stop resisting, appellant pulled away again. Delarosa secured both of appellant's arms with his left arm, placing appellant against his patrol car. Pushing with her torso, appellant struggled with Delarosa, causing both to fall to the ground. Delarosa sustained minor injuries. After the fall, Delarosa placed handcuffs on appellant.

After a bench trial, the trial court found that appellant resisted arrest by pushing Delarosa with her torso, thereby engaging in delinquent conduct. *See* Tex. Pen. Code Ann. § 38.03(a); Tex. Fam. Code Ann. § 51.03(a)(1). In this appeal, appellant disputes the legal and factual sufficiency of the evidence. According to appellant, the evidence is at best sufficient to support a conviction for resisting transportation. *See* Tex. Pen. Code Ann. § 38.03(a).

## DISCUSSION

A person commits the offense of resisting arrest if she intentionally prevents or obstructs a person she knows is a peace officer from effecting an arrest by using force against the peace officer or another. *Id.* Appellant challenges the legal and factual sufficiency of the evidence on two points: that the evidence shows that appellant did not use force against Delarosa and that, because appellant was already under arrest when she allegedly resisted, she cannot be found to have resisted arrest.

2

In conducting a legal sufficiency review, we ask whether, after viewing all the evidence in the light most favorable to the adjudication, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981); *In re L.M.*, 993 S.W.2d 276, 284 (Tex. App.—Austin 1999, pet. denied); *Skillern v. State*, 890 S.W.2d 849, 879 (Tex. App.—Austin 1994, pet. ref'd); *see also* Tex. Fam. Code Ann. § 54.03(f) (West 2002). We review adjudications of delinquent conduct in juvenile proceedings under the same standard of review we employ to review the sufficiency of the evidence supporting a trial court's verdict in a criminal case. *See In re L.M.*, 993 S.W.2d at 284; *see also In re B.M.*, 1 S.W.3d 204, 206 (Tex. App.—Tyler 1999, no pet.). The State must prove each element of the offense in order to sustain an adjudication of delinquency. *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992). We do not realign, disregard, or weigh the evidence. *Rodriguez v. State*, 939 S.W.2d 211, 218 (Tex. App.—Austin 1997, no pet.). The trier of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001). A trial court's findings of fact entered after a bench trial have the same force and dignity as a jury's verdict. *In re B.M.*, 1 S.W.3d at 206.

In reviewing the factual sufficiency of the evidence, we determine whether the evidence, viewed in a neutral light favoring neither party, is so weak as to be clearly wrong or manifestly unjust, or if the finding of a vital fact is so contrary to the weight and preponderance of the evidence as to be clearly wrong. *Johnson*, 23 S.W.3d at 11. If the defendant challenges the

3

factual sufficiency of a guilt finding on appeal, the reviewing court must determine whether: (1) the evidence is so weak as to be clearly wrong or manifestly unjust and (2) the finding of a vital fact is so contrary to the weight and preponderance of the evidence as to be clearly wrong. *Zuliani v. State*, 97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003); *see also Goodman v. State*, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001). As with legal sufficiency review, the trier of fact has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia*, 57 S.W.3d at 441. A decision is not manifestly unjust simply because the trier of fact resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd).

Appellant contends that the evidence is legally and factually insufficient to support the finding that she resisted arrest on two elements: (1) her arrest was complete before the time she allegedly resisted and (2) she did not use force against Delarosa. The offense of resisting arrest requires that a person resist during the course of his arrest. *See* Tex. Pen. Code Ann. § 38.03(a). Relying on *Medford v. State*, 13 S.W.3d 769, 773 (Tex. Crim. App. 2000), appellant argues that her arrest was complete once she willingly left the building with Delarosa and that her later actions were in resistance of transportation, not arrest. *See Young v. State*, 622 S.W.2d 99, 100 (Tex. Crim. App. 1981) (once arrest complete, suspect's later violent actions cannot be resistance of arrest). The court in *Medford* establishes limits on the definition of the term "arrest." Because Delarosa told appellant that she was being detained for truancy and, after that statement, appellant submitted to Delarosa's authority by willingly leaving the building with him, appellant argues that the finder of fact could

not have found that the arrest was incomplete. Appellant argues that she resisted *after* the arrest, when Delarosa attempted to transport her back to school.

The State replies that Delarosa's statement and the fact that appellant left the building with him do not necessarily lead to the conclusion that appellant's arrest was complete. *See Medford*, 13 S.W.3d at 773 (citing *Smith v. State*, 219 S.W.2d 454, 456 (Tex. Crim. App. 1949)). According to the State, arrest requires custody or detention and submission to such arrest. *Id.* at 773. The State argues that the trial court is to make a case-by-case determination on the scope of arrest. *Id.* Because there was sufficient evidence for the trial court to determine that the arrest was not complete at the time appellant struggled with Delarosa, the State concludes that there existed sufficient evidence on that point.

We agree with the State. In *Medford*, the Texas Court of Criminal Appeals defined the term "arrest" in the context of the escape statute of the Texas Penal Code. The court of criminal appeals stated:

> For purposes of the escape statute, an 'arrest' is complete when a person's liberty of movement is successfully restricted or restrained, whether this is achieved by an officer's physical force or the suspect's submission to the officer's authority. Furthermore, an arrest is complete only if 'a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest.'

*Id.* (citing *United States v. Corral-Franco*, 848 F.2d 536, 540 (5th Cir. 1988)). While *Medford* limits the fact-finder's discretion to determine whether an arrest has occurred, it does not establish a bright line rule. Arrest is to be determined by examining the totality of the circumstances in a case-

5

by-case analysis. *Id.* An officer's statement to an accused that she is under arrest is not conclusive. *Id.* Delarosa testified that he was attempting to finalize the arrest; this is sufficient to indicate that the arrest was not complete. While appellant may have willingly left the store with Delarosa, appellant's repeated statements to Delarosa that she would walk to school by herself suggest that she did not consider the situation to be a formal arrest. Appellant's effort to walk away once outside the store is sufficient to indicate that appellant had not submitted to Delarosa's authority and that her liberty may not, in fact, have been restrained. *Cf. Young*, 622 S.W.2d at 100 (defendant did not resist arrest where defendant's "later violent actions" occurred after defendant had been handcuffed and transported to a security office). Appellant pulled away from Delarosa at least twice, even after Delarosa had instructed appellant to "stop resisting." This evidence is sufficient to support the conclusion that appellant's arrest was not complete when she resisted.

Appellant also challenges the sufficiency of the evidence supporting the finding that appellant used force against Delarosa. *See* Tex. Pen. Code Ann. § 38.03(a). Appellant attempts to cast doubt upon Delarosa's testimony by arguing that his police report and his testimony are in conflict. In his police report, Delarosa indicated that appellant used her upper torso to push away from the car. At trial, Delarosa testified that appellant used her upper torso to push up against him. Appellant argues that this inconsistency renders the evidence insufficient to support the conclusion that she used force against Delarosa.

The State replies that any contradictions in Delarosa's testimony reflect an omission in the report, which at most raises a credibility issue. A decision is not manifestly unjust because

6

the trier of fact resolved conflicting views of the evidence in the State's favor. *Roise*, 7 S.W.3d at 233. The State argues that Delarosa's testimony at trial is sufficient to support the conclusion that appellant used force against Delarosa.

We agree with the State. Evidence regarding appellant's use of force must be evaluated by the fact-finder. The fact-finder has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia*, 57 S.W.3d at 441. This responsibility includes determining the credibility of witnesses. In this case, appellant contends that she used force to push away from the car, not to push up against Delarosa. Delarosa's testimony alone is legally sufficient to support the conclusion that appellant used force against Delarosa. In light of this evidence, it is clear that a rational trier of fact could have found that appellant used force against Delarosa.

Likewise, the evidence supporting conviction is not so weak as to render the adverse finding clearly wrong or manifestly unjust. Appellant never took the stand, and Delarosa testified as to all the elements of the offense. Delarosa's unimpeached testimony is not so weak as to lead to a clearly wrong or manifestly unjust result. Likewise, appellant does not draw our attention to any evidence that would suggest there is proof contrary to the weight and preponderance of the evidence. At most, appellant's contrary assertions about the completion of arrest and the use of force raise a credibility issue, which is to be determined by the trier of fact. We hold that the evidence is factually sufficient to support the adjudication.

## CONCLUSION

Because the evidence is legally and factually sufficient to support the finding that appellant resisted arrest, we affirm the trial court's adjudication.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:   June 12, 2003

8