Michael L. Yarian v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-015-CR

MICHAEL L. YARIAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Michael L. Yarian appeals his conviction for assault of a public servant.  A jury found Yarian guilty and assessed his punishment at three years’ confinement.  In two issues, Yarian contends that the trial court erred by failing to instruct the jury on the defense of the right to resist arrest and the lesser included offense of resisting arrest.  Because the trial court properly denied the requested instructions, we will affirm. 

II. Factual Background

On January 2, 2003, Officer Milner of the Hudson Oaks police department arrested Yarian for public intoxication.  Officer Milner transported Yarian to the Parker County jail and asked him to sit on a bench located across from the book-in desk.  Yarian asked Corporal Spurlock, a supervisor at the jail, if he could use the bathroom.  Corporal Spurlock told Yarian that he would be taken to the bathroom shortly.  Yarian jumped up from the bench and demanded to be taken to the bathroom immediately.  At that point, Officer Milner and Corporal Clark, a patrol officer with the Parker County Sheriff’s office, forcibly sat Yarian back down onto the bench.  The officers warned Yarian to stay seated, but he jumped up, cursing and yelling at the officers. Officer Milner and Corporal Clark then escorted Yarian to a detox cell that contained a toilet.

Two or three minutes later, Corporal Spurlock entered Yarian’s cell to gather Yarian’s personal property for storage.  Yarian refused to place his personal belongings in the plastic bag provided by Corporal Spurlock and lunged at Corporal Spurlock in an aggressive manner.  Corporal Spurlock grabbed Yarian’s arms to prevent Yarian from hitting him.  This action caused the door of the cell to shut automatically behind both men.  Officer Milner and three jailers quickly entered the cell and attempted to restrain Yarian.  Yarian continued to struggle with the officers, so Corporal Spurlock decided to place Yarian in a restraint chair until he calmed down.
(footnote: 2)
 As the officers attempted to strap Yarian into the restraint chair, Yarian bent his head down and bit one of the jailers’ middle finger.  Yarian refused to release the officer’s finger; Corporal Spurlock pried Yarian’s jaw open and released the jailer’s finger.  The officer’s finger bled but did not require stitches.

III. The Court’s Charge

A.  Standard of Review

Appellate review of alleged jury charge error involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id.
 at 731-32.  Error in the charge, if timely objected to in the trial court, requires reversal if the error was “calculated to injure [the] rights of the defendant,” which means no more than that there must be 
some
 harm to the accused from the error.  
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
see also Abdnor
, 871 S.W.2d at 731-32; 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  In other words, a properly preserved error will call for reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Id.
; 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

B
. 
Refusal to Submit Instruction on Right to Resist Arrest
 

In his first issue, Yarian contends that the trial court erred by refusing to submit his requested instruction regarding his right to resist arrest.  Specifically, Yarian complains that a jury could have found that his refusal to remain quiet and urinate on himself was not a resistance to arrest and that the force used by the five or six officers to restrain him could be seen as greater force than necessary.  Thus, Yarian maintains that the jury could have found that his biting of the jailer’s finger was justified to protect himself against the officers’ use of force. 

Where the evidence fairly raises the issue of self-defense, the defendant is entitled to have this defensive issue submitted to the jury.  
Riddle v. State
, 888 S.W.2d 1, 6 (Tex. Crim. App. 1994), 
cert. denied
, 514 U.S. 1068 (1995).  To rely on self-defense, the defendant must first admit committing the conduct that forms the basis of the indictment.
  Kimbrough v. State
, 959 S.W.2d 634, 640 (Tex. App.—Houston [14th
 Dist.] 1995, pet. ref’d).  The law of self-defense for resisting arrest is found in section 9.31(c) of the Texas Penal Code.  
Tex. Penal Code Ann
. § 9.31(c) (Vernon 2003).
(footnote: 3)  Pursuant to this provision, a defendant claiming that his use of force to resist an arrest was justified must show that the peace officer involved used excessive force prior to the defendant offering any resistance.  
See
 
id
.  Additionally, the appellant’s use of force must be contemporaneous with the officer’s act of effecting arrest.  
See Young v. State
, 622 S.W.2d 99, 100 (Tex. Crim. App. [Panel Op.] 1981). 

A person is arrested when he is actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest or by an officer or person arresting without a warrant.  
Tex. Code Crim. Proc. Ann.
 art. 15.22 (Vernon 2005).  An arrest is complete whenever a person’s liberty of movement is restricted or restrained.  
Hardinge v. State
, 500 S.W.2d 870, 873 (Tex. Crim. App. 1973).  

The evidence establishes Officer Milner arrested Yarian well before Yarian bit the jailer.  Officer Milner testified that he handcuffed Yarian and transported him to the jail before the incident occurred.  Because Yarian’s arrest was complete, Yarian’s biting could not have been in resistance to the already completed arrest.  
See Young
, 622 S.W.2d at 100 (holding conduct occurring after arrest is complete does not constitute resisting arrest).

Even assuming Yarian’s arrest was not complete when he bit the jailer, at trial Yarian did not admit to biting the officer, the conduct alleged in the indictment.  Nor did Yarian offer evidence showing that the
 
officers used excessive force before he bit the jailer.  Accordingly, the evidence does not raise the issue of self-defense.  
See Kimbrough
, 959 S.W.2d at 640 (holding issue of self-defense not raised due to appellant’s failure to admit to commission of the offense);
 Pena v. State
, 725 S.W.2d 505, 507 (Tex. App.—Corpus Christi 1987, no pet.) (holding defendant not entitled to instruction on resisting arrest when no evidence existed that officer used greater force than necessary to make arrest before defendant offered resistance).
  Thus, we hold that the  trial court did not err by refusing to submit Yarian’s requested instruction on his right to resist arrest.  We overrule Yarian’s first issue.

C. 
Refusal to Submit Instruction on Lesser Included Offense

In his second issue, Yarian claims that he was entitled to the submission of a jury instruction on the lesser included offense of resisting arrest.  A two-pronged test is used in determining whether a court is required to charge the jury on a lesser included offense: 

(1)   The lesser included offense must be included within the proof necessary to establish the offense charged; and 

(2)   There must be some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense.  

See Rousseau v. State
, 855 S.W.2d 666, 672 (Tex. Crim. App.),
 cert. denied,
 510 U.S. 919 (1993); 
Aguilar v. State
, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

A person commits the offense of assault on a public servant if he intentionally, knowingly, or recklessly causes bodily injury to the public servant while the public servant is lawfully discharging an official duty
.  Tex. Penal Code Ann. 
§ 22.01(a)(1), (b)(1) (Vernon Supp. 2004-05).  A person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting his arrest by using force against the peace officer.  
Id
. § 38.03(a).  The offense of resisting arrest may be a lesser-included offense of assault of a public servant.  
See Sutton v. State
, 548 S.W.2d 697, 699 (Tex. Crim. App. 1977).  However, resisting arrest is not the appropriate charge for conduct that occurs after the arrest is completed.  
See Young,
 622 S.W.2d at 100.

Here, Yarian used force to prevent the police officers from placing him in the restraint chair; he bit one of the jailers in the process.  But again, Yarian’s aggressive behavior directed at the jailer supervened his arrest.  The trial court therefore did not err by refusing to charge the jury as Yarian requested on the alleged lesser included offense of resisting arrest.  We overrule Yarian’s second issue.

IV. Conclusion

Having overruled Yarian’s two issues, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
A restraint chair may be used to restrain inmates that are heavily intoxicated, suicidal, or violent towards officers.  

3:
According to section 9.31(c),

the use of force to resist an arrest or search is justified: (1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and (2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer’s (or other person’s) use or attempted use of greater force than necessary.

Tex. Pen. Code Ann
. § 9.31(c).