COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-015-CR
  
  
MICHAEL L. YARIAN                                                              APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 43RD DISTRICT COURT 
OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Michael L. Yarian appeals his conviction for assault of a public servant. A jury 
found Yarian guilty and assessed his punishment at three years’ confinement. 
In two issues, Yarian contends that the trial court erred by failing to instruct 
the jury on the defense of the right to resist arrest and the lesser included 
offense of resisting arrest. Because the trial court properly denied the 
requested instructions, we will affirm.
II. Factual 
Background
        On 
January 2, 2003, Officer Milner of the Hudson Oaks police department arrested 
Yarian for public intoxication. Officer Milner transported Yarian to the Parker 
County jail and asked him to sit on a bench located across from the book-in 
desk. Yarian asked Corporal Spurlock, a supervisor at the jail, if he could use 
the bathroom. Corporal Spurlock told Yarian that he would be taken to the 
bathroom shortly. Yarian jumped up from the bench and demanded to be taken to 
the bathroom immediately. At that point, Officer Milner and Corporal Clark, a 
patrol officer with the Parker County Sheriff’s office, forcibly sat Yarian 
back down onto the bench. The officers warned Yarian to stay seated, but he 
jumped up, cursing and yelling at the officers. Officer Milner and Corporal 
Clark then escorted Yarian to a detox cell that contained a toilet.
        Two 
or three minutes later, Corporal Spurlock entered Yarian’s cell to gather 
Yarian’s personal property for storage. Yarian refused to place his personal 
belongings in the plastic bag provided by Corporal Spurlock and lunged at 
Corporal Spurlock in an aggressive manner. Corporal Spurlock grabbed Yarian’s 
arms to prevent Yarian from hitting him. This action caused the door of the cell 
to shut automatically behind both men. Officer Milner and three jailers quickly 
entered the cell and attempted to restrain Yarian. Yarian continued to struggle 
with the officers, so Corporal Spurlock decided to place Yarian in a restraint 
chair until he calmed down.[2]
        As 
the officers attempted to strap Yarian into the restraint chair, Yarian bent his 
head down and bit one of the jailers’ middle finger. Yarian refused to release 
the officer’s finger; Corporal Spurlock pried Yarian’s jaw open and released 
the jailer’s finger. The officer’s finger bled but did not require stitches.
III. The 
Court’s Charge
        A. Standard of Review
        Appellate 
review of alleged jury charge error involves a two-step process. Abdnor v. 
State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must 
determine whether error occurred. If so, we must then evaluate whether 
sufficient harm resulted from the error to require reversal. Id. at 
731-32. Error in the charge, if timely objected to in the trial court, requires 
reversal if the error was “calculated to injure [the] rights of the 
defendant,” which means no more than that there must be some harm to 
the accused from the error. Tex. Code 
Crim. Proc. Ann. art. 36.19 (Vernon 1981); see also Abdnor, 871 
S.W.2d at 731-32; Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 
1985) (op. on reh’g). In other words, a properly preserved error will call for 
reversal as long as the error is not harmless. Almanza, 686 S.W.2d at 
171. In making this determination, “the actual degree of harm must be assayed 
in light of the entire jury charge, the state of the evidence, including the 
contested issues and weight of probative evidence, the argument of counsel and 
any other relevant information revealed by the record of the trial as a 
whole.” Id.; see also Ovalle v. State, 13 S.W.3d 774, 786 (Tex. 
Crim. App. 2000).
        B. 
    Refusal to 
Submit Instruction on Right to Resist Arrest
        In 
his first issue, Yarian contends that the trial court erred by refusing to 
submit his requested instruction regarding his right to resist arrest. 
Specifically, Yarian complains that a jury could have found that his refusal to 
remain quiet and urinate on himself was not a resistance to arrest and that the 
force used by the five or six officers to restrain him could be seen as greater 
force than necessary. Thus, Yarian maintains that the jury could have found that 
his biting of the jailer’s finger was justified to protect himself against the 
officers’ use of force.
        Where 
the evidence fairly raises the issue of self-defense, the defendant is entitled 
to have this defensive issue submitted to the jury. Riddle v. State, 888 
S.W.2d 1, 6 (Tex. Crim. App. 1994), cert. denied, 514 U.S. 1068 (1995). 
To rely on self-defense, the defendant must first admit committing the conduct 
that forms the basis of the indictment. Kimbrough v. State, 959 S.W.2d 
634, 640 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d). The law of 
self-defense for resisting arrest is found in section 9.31(c) of the Texas Penal 
Code. Tex. Penal Code Ann. § 
9.31(c) (Vernon 2003).[3]  Pursuant to this 
provision, a defendant claiming that his use of force to resist an arrest was 
justified must show that the peace officer involved used excessive force prior 
to the defendant offering any resistance. See id. Additionally, 
the appellant’s use of force must be contemporaneous with the officer’s act 
of effecting arrest. See Young v. State, 622 S.W.2d 99, 100 (Tex. Crim. 
App. [Panel Op.] 1981).
        A 
person is arrested when he is actually placed under restraint or taken into 
custody by an officer or person executing a warrant of arrest or by an officer 
or person arresting without a warrant. Tex. 
Code Crim. Proc. Ann. art. 15.22 (Vernon 2005). An arrest is complete 
whenever a person’s liberty of movement is restricted or restrained. Hardinge 
v. State, 500 S.W.2d 870, 873 (Tex. Crim. App. 1973).
        The 
evidence establishes Officer Milner arrested Yarian well before Yarian bit the 
jailer. Officer Milner testified that he handcuffed Yarian and transported him 
to the jail before the incident occurred. Because Yarian’s arrest was 
complete, Yarian’s biting could not have been in resistance to the already 
completed arrest. See Young, 622 S.W.2d at 100 (holding conduct occurring 
after arrest is complete does not constitute resisting arrest).
        Even 
assuming Yarian’s arrest was not complete when he bit the jailer, at trial 
Yarian did not admit to biting the officer, the conduct alleged in the 
indictment. Nor did Yarian offer evidence showing that the officers used 
excessive force before he bit the jailer. Accordingly, the evidence does not 
raise the issue of self-defense. See Kimbrough, 959 S.W.2d at 640 
(holding issue of self-defense not raised due to appellant’s failure to admit 
to commission of the offense); Pena v. State, 725 S.W.2d 505, 507 (Tex. 
App.—Corpus Christi 1987, no pet.) (holding defendant not entitled to 
instruction on resisting arrest when no evidence existed that officer used 
greater force than necessary to make arrest before defendant offered 
resistance). Thus, we hold that the trial court did not err by refusing to 
submit Yarian’s requested instruction on his right to resist arrest. We 
overrule Yarian’s first issue.
C. Refusal to Submit Instruction on Lesser Included 
Offense
        In 
his second issue, Yarian claims that he was entitled to the submission of a jury 
instruction on the lesser included offense of resisting arrest. A two-pronged 
test is used in determining whether a court is required to charge the jury on a 
lesser included offense:
   
(1) The lesser included offense must be included within the proof necessary to 
establish the offense charged; and
 
(2) 
There must be some evidence in the record that would permit a jury rationally to 
find that if the defendant is guilty, he is guilty only of the lesser offense.
  
See 
Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App.), cert. denied, 
510 U.S. 919 (1993); Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. 
App. 1985).
        A 
person commits the offense of assault on a public servant if he intentionally, 
knowingly, or recklessly causes bodily injury to the public servant while the 
public servant is lawfully discharging an official duty. Tex. Penal Code Ann. § 22.01(a)(1), 
(b)(1) (Vernon Supp. 2004-05). A person commits the offense of resisting arrest 
if he intentionally prevents or obstructs a person he knows is a peace officer 
from effecting his arrest by using force against the peace officer. Id. 
§ 38.03(a). The offense of resisting arrest may be a lesser-included offense of 
assault of a public servant. See Sutton v. State, 548 S.W.2d 697, 699 
(Tex. Crim. App. 1977). However, resisting arrest is not the appropriate charge 
for conduct that occurs after the arrest is completed. See Young, 622 
S.W.2d at 100.
        Here, 
Yarian used force to prevent the police officers from placing him in the 
restraint chair; he bit one of the jailers in the process. But again, Yarian’s 
aggressive behavior directed at the jailer supervened his arrest. The trial 
court therefore did not err by refusing to charge the jury as Yarian requested 
on the alleged lesser included offense of resisting arrest. We overrule 
Yarian’s second issue.
IV. Conclusion
        Having 
overruled Yarian’s two issues, we affirm the trial court’s judgment.
  
  
                                                          PER 
CURIAM
 
  
PANEL F:   WALKER, 
GARDNER, and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: April 14, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
A restraint chair may be used to restrain inmates that are heavily intoxicated, 
suicidal, or violent towards officers.
3.  
According to section 9.31(c),
 
the use of force to resist an arrest or search is justified: (1) if, before the 
actor offers any resistance, the peace officer (or person acting at his 
direction) uses or attempts to use greater force than necessary to make the 
arrest or search; and (2) when and to the degree the actor reasonably believes 
the force is immediately necessary to protect himself against the peace 
officer’s (or other person’s) use or attempted use of greater force than 
necessary.
  
Tex. Pen. Code Ann. § 9.31(c).