IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00218-CR

 

Daniel John Sheehan,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the County Court at Law No.
3

Jefferson County, Texas

Trial Court No. 238747

 



CONCURRING Opinion










 

          The majority overstates the facts, the
law, and the State’s concessions to justify its expansive discussion of the
offense of resisting arrest.  Had the majority opinion been appropriately
limited to that necessary to a disposition of the appeal, this concurring
opinion would be unnecessary.  Tex. R.
App. P. 47.1.  But I cannot let the majority’s statements go
unchallenged.

          The State’s reply to the appellant’s
first issue, that the evidence was insufficient to support the conviction,
begins with a summary of the issues presented.  The State makes the following
summary of the appellant’s first issue:

He first argues that the evidence was
insufficient to support the conviction for resisting arrest.  He appears to
limit his argument to a complaint regarding the factual sufficiency of the
evidence to establish use of force directed against the officers.

 

So, the concession that is being made by the
State is that the evidence is factually insufficient, not that it is legally
insufficient.  

In response to appellant’s second issue, which is
that the trial court erred by failing to properly admonish the appellant about
the dangers and disadvantages of acting as his own attorney, as required by Faretta,
the State also concedes that this was error.  See Faretta v. California, 422 U.S. 806, 95 S.Ct. 792, 9 L.Ed.2d 562 (1975).  This error requires a
reversal and remand to the trial court for further proceedings.  So, unless you
are trying to establish new law in the area of resisting arrest, it seems
inappropriate to engage in extensive discussion, as the majority has done.

          What is most troubling to me about
this opinion is that we do not discuss whether or not it is appropriate to
engage in this extensive discussion of resisting arrest without first
addressing the deprivation of constitutional right of counsel, or the absence of
Faretta warnings.  Likewise, the majority, having previously held that a
defendant is statutorily entitled to represent himself on appeal, has
completely failed to address appellant’s assertion of the right to represent himself
in this appeal.

          Regardless of the result of the first
issue, there is an appropriate order in which matters should be considered by
the appellate court.  In this proceeding, appellant’s assertion of his right to
represent himself in this appeal was ignored by a majority of the Court and is
now dismissed as immaterial because they have elected to acquit the appellant.

          In a simple memorandum opinion,
without any fanfare or effort to establish law, after having dealt with
appellant’s assertion of his statutory right to represent himself on appeal, on
the matter of the first issue I would have limited my discussion of the facts
to the evidence which occurred prior to the arrest, none of which involved any
assertion of force against the officer prior to the time of the arrest, and
footnoted the possibility that such acts may have constituted a lesser offense
of evading arrest.  See Young v. State, 622 S.W.2d 99, 100 (Tex. Crim. App. [Panel Op.] 1981).  With these comments, I concur only in the judgment of
the Court.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion delivered and filed June 21, 2006