

# NUMBER 13-10-00005-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOSEPH BARRERA,** **Appellant,**

**v.**

**THE STATE OF TEXAS** **Appellee.**

---

## On appeal from the 156th District Court of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Memorandum Opinion by Justice Benavides

Appellant, Joseph Barrera, appeals from his conviction on two counts of assault on a public servant, third-degree felonies, which were enhanced to second-degree felonies as a result of a prior felony conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Vernon Supp. 2010); *id.* § 12.42(a)(3) (Vernon Supp. 2010) (elevating a

third-degree felony to a second-degree felony if the State proves a prior felony conviction). Appellant was found guilty after a jury trial, and the trial court sentenced appellant to ten years' imprisonment for each count and assessed a $1,000 fine for one count, with the sentences to run concurrently. *See id.* § 12.33(a) (Vernon Supp. 2010) (setting the punishment range for a second-degree felony as not less than two nor more than twenty years).

Concluding that there are "no arguable grounds for reversal," appellant's court-appointed counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. Appellant filed a pro se response. We affirm the trial court's judgment.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief in this case, stating that he could find no meritorious issues to bring forward for review. Counsel's brief discusses relevant portions of the record and the applicable law. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority,

there is no error in the trial court's judgment in this case. Counsel certified to this Court that he forwarded a copy of his motion to withdraw and its supporting brief to appellant with a letter advising him of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n. 3; *see also In re Schulman*, 252 S.W.3d at 409 n. 23.

## II. PRO SE RESPONSE

On August 13, 2010, appellant filed a pro se response asserting that he should have received an instruction on the lesser-included offense of resisting arrest. *See* TEX. PENAL CODE ANN. § 38.03 (Vernon 2003). We do not consider this to be a meritorious issue on appeal. Appellant concedes that his trial counsel did not request an instruction for the offense of resisting arrest. Appellant does not argue that his counsel was ineffective by failing to request an instruction for resisting arrest, and he did not file a motion for new trial asserting an ineffective assistance claim. Without such a claim and a developed record on the issue, it would be impossible for this Court to determine whether it was a strategic move by Barrera's trial counsel to not seek the instruction. Moreover, Barrera would have only been entitled to an instruction on the alleged lesser-included offense if there was "evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). Because there was evidence that Barrera caused bodily injury to the officers, some evidence rebutting this proposition was necessary for the lesser offense to be rationally considered by the jury,

---

[1] The Texas Court of Criminal Appeals has held that the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues that the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues. *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

and therefore, for it to have been error to not include the lesser offense.[2] We find no such evidence in the record, and Barrera does not point us to any such evidence in his pro se response. We hold that Barrera's claim is frivolous and without merit, and therefore do not consider the issue.

### III. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the cases are wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in this case, counsel's brief, and appellant's pro se response, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.[3]

---

[2] A person commits the offense of assault on a public servant if he intentionally, knowingly, or recklessly causes bodily injury to the public servant while the public servant is lawfully discharging an official duty. TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (Vernon Supp. 2010). A person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting his arrest by using force against the peace officer. *Id.* § 38.03(a). The offense of resisting arrest may be a lesser-included offense of assault of a public servant—the primary difference between the two offenses as they would apply to this case being whether bodily injury was caused to the public servant. *Young v. State*, 622 S.W.2d 99, 100 (Tex. Crim. App. [Panel Op.] 1981); *see also Yarian v. State*, No. 2-04-015-CR, 2005 Tex. App. LEXIS 2911 at **8-9 (Tex. App.—Fort Worth April 14, 2005) (per curiam) (mem. op., not designated for publication).

[3] Although appellant's attempt at a direct appeal has been unsuccessful, he is not without a potential remedy. Challenges requiring development of a record to substantiate a claim such as ineffective assistance of counsel may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010). An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).

## IV. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and the judgments to appellant and to advise appellant of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P.47.2(b).

Delivered and filed the
27th day of January, 2011.

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.