NUMBER
13-10-00005-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

JOSEPH BARRERA,                                                            Appellant,

 

v.

 

THE STATE OF TEXAS                                                                 
Appellee.

                                                                     


 

On appeal from the 156th
District Court

of Bee County, Texas.

                                                                     


 

MEMORANDUM OPINION

 

                      Before
Justices Garza, Benavides, and Vela

                      Memorandum
Opinion by Justice Benavides

 








Appellant, Joseph Barrera, appeals from his conviction on
two counts of assault on a public servant, third-degree felonies, which were
enhanced to second-degree felonies as a result of a prior felony conviction.  See
Tex. Penal Code Ann. ' 22.01(b)(1) (Vernon Supp. 2010); id. ' 12.42(a)(3) (Vernon Supp. 2010) (elevating a
third-degree felony to a second-degree felony if the State proves a prior
felony conviction).  Appellant was found guilty after a jury trial, and the
trial court sentenced appellant to ten years=
imprisonment for each count and assessed a $1,000 fine for one count, with the
sentences to run concurrently.  See id. ' 12.33(a)
(Vernon Supp. 2010) (setting the punishment range for a second-degree felony as
not less than two nor more than twenty years).

Concluding that there are Ano
arguable grounds for reversal,@ appellant=s court-appointed counsel filed an Anders brief in
which he reviewed the merits, or lack thereof, of the appeal.  Appellant filed
a pro se response.  We affirm the trial court=s
judgment.

I.  Compliance
with Anders








Pursuant
to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief in this case, stating that
he could find no meritorious issues to bring forward for review.  Counsel's
brief discusses relevant portions of the record and the applicable law.  See
In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig.
proceeding) (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.BCorpus Christi 2003, no pet.)) (AIn Texas, an Anders brief need not specifically
advance >arguable=
points of error if counsel finds none, but it must provide record references to
the facts and procedural history and set out pertinent legal authorities.@); Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991) (en banc).

In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978), appellant's counsel has carefully discussed why, under
controlling authority, there is no error in the trial court's judgment in this
case.  Counsel certified to this Court that he forwarded a copy of his motion
to withdraw and its supporting brief to appellant with a letter advising him of
his right to review the record and to file a pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n. 3; see
also In re Schulman, 252 S.W.3d at 409 n. 23.  

II.  Pro Se
Response

On
August 13, 2010, appellant filed a pro se response asserting that he should
have received an instruction on the lesser-included offense of resisting
arrest.  See Tex. Penal Code Ann.
' 38.03 (Vernon 2003).  We do not
consider this to be a meritorious issue on appeal.  Appellant concedes
that his trial counsel did not request an instruction for the offense of
resisting arrest.  Appellant does not argue that his counsel was ineffective by
failing to request an instruction for resisting arrest, and he did not file a
motion for new trial asserting an ineffective assistance claim.  Without such a
claim and a developed record on the issue, it would be impossible for this
Court to determine whether it was a strategic move by Barrera=s trial counsel to not seek the instruction.  Moreover,
Barrera would have only been entitled to an instruction on the alleged
lesser-included offense if there was Aevidence in the record that would
permit a jury rationally to find that if the defendant is guilty, he is guilty
only of the lesser offense.@  Rousseau v. State, 855 S.W.2d
666, 672 (Tex. Crim. App. 1993).  Because there was evidence that Barrera
caused bodily injury to the officers, some evidence rebutting this proposition
was necessary for the lesser offense to be rationally considered by the jury,
and therefore, for it to have been error to not include the lesser offense.[2] 
We find no such evidence in the record, and Barrera does not point us to any
such evidence in his pro se response.  We hold that Barrera=s claim is frivolous and without merit, and therefore do
not consider the issue. 

III.  Independent
Review

Upon
receiving an Anders brief, this Court must conduct a full examination of
all the proceedings to determine whether the cases are wholly frivolous.  Penson
v. Ohio, 488 U.S. 75, 80 (1988).  We have reviewed the entire record in
this case, counsel's brief, and appellant=s pro se response, and we have found
nothing that would arguably support an appeal.  See Bledsoe v. State,
178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) (ADue
to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.@); Stafford, 813 S.W.2d at
509.  Accordingly, we affirm the judgment of the trial court.[3]

IV.  Motion
to Withdraw

In
accordance with Anders, appellant's attorney has asked this Court for
permission to withdraw as counsel for appellant.  See Anders, 386 U.S.
at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery
v. State, 903 S.W.2d 776, 779-80 (Tex. App.BDallas
1995, no pet.) (AIf an attorney believes the appeal is
frivolous, he must withdraw from representing the appellant.  To withdraw from
representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is
frivolous.@) (citations omitted)).  We grant
counsel's motion to withdraw.  Within five days of the date of this Court's
opinion, counsel is ordered to send a copy of the opinion and the judgments to
appellant and to advise appellant of his right to file a petition for
discretionary review.[4] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

__________________________

GINA
M. BENAVIDES,

Justice

 

Do not publish.

Tex. R. App.
P.47.2(b).

 

Delivered and filed the

27th day of January, 2011. 









      [1]  The Texas Court of
Criminal Appeals has held that the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response
should identify for the court those issues that the indigent appellant believes
the court should consider in deciding whether the case presents any meritorious
issues.  In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008)
(orig. proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97
(Tex. App.BWaco 1997, no pet.)).     





            [2] 
A person commits the offense of assault on a public servant if he
intentionally, knowingly, or recklessly causes bodily injury to the public
servant while the public servant is lawfully discharging an official duty. Tex. Penal Code Ann. ' 22.01(a)(1), (b)(1)
(Vernon Supp. 2010). A person commits the offense of resisting arrest if he
intentionally prevents or obstructs a person he knows is a peace officer from
effecting his arrest by using force against the peace officer. Id. ' 38.03(a). The
offense of resisting arrest may be a lesser-included offense of assault of a
public servantCthe primary
difference between the two offenses as they would apply to this case being
whether bodily injury was caused to the public servant.  Young v. State,
622 S.W.2d 99, 100 (Tex. Crim. App. [Panel Op.] 1981); see also Yarian
v. State, No. 2-04-015-CR, 2005 Tex. App. LEXIS 2911 at **8-9 (Tex. App.CFort Worth April 14,
2005) (per curiam) (mem. op., not designated for publication).





            [3]
Although appellant's attempt at a direct appeal has been unsuccessful, he is
not without a potential remedy.  Challenges requiring development of a record
to substantiate a claim such as ineffective assistance of counsel may be raised
in an application for writ of habeas corpus. See Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2010). 
An application for writ of habeas corpus relief would Aprovide an
opportunity to conduct a dedicated hearing to consider the facts,
circumstances, and rationale behind counsel's actions at . . . trial.@  Thompson v.
State, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).

 





            [4]
No substitute counsel will be appointed.  Should appellant wish to seek further
review of this case by the Texas Court of Criminal Appeals, he must either
retain an attorney to file a petition for discretionary review or file a pro se
petition for discretionary review.  Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be forwarded
to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7.  Any petition for discretionary
review should comply with the requirements of rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4.