**Joseph ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0475–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 27, 1986.

David Mitcham, Houston, for appellant.

John B. Holmes, Jr. Harris Co. Dist. Atty., Eleanor M. McCarthy, Donna Cameron Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

JACK SMITH, Justice.

A jury convicted appellant of resisting arrest and search, and the court assessed his punishment at five months confinement. Appellant asserts three grounds of error.

On January 10, 1985, at approximately 6:15 p.m., Officer Michael Wood, an undercover narcotics detective with the Baytown Police Department, was maintaining surveillance on a vehicle. He requested that the complainant, Officer Donna Whitehead, assist him. She responded to his radio call, and as the officers were attempting to make arrests, a struggle ensued. Meanwhile, a crowd gathered, and 10 to 15 other officers responded to a call for assistance.

While Whitehead struggled with a person to get him into her patrol car, she heard someone screaming an obscenity at her. When she saw that appellant was the person who had shouted the obscenity, she placed him under arrest. However, as she attempted to get a hold on him, he backed into the crowd and started swinging his arms. Whitehead managed to grab a sleeve of his coat, but appellant continued to pull her into the crowd and to swing his arms. Whitehead was struck at least twice but was unable to subdue appellant until another officer came to her assistance.

■ In his first ground of error, appellant contends the evidence is insufficient to establish that he struck Whitehead with more than one arm.

Appellant was charged by information which alleged that he:

intentionally obstruct[ed] and prevent[ed] the arrest and search of the Defendant by D. Whitehead ... by use of force against the Complainant, namely by hitting the Complainant with his arms, knowing that the Complainant was a peace officer.

Resisting arrest or search is a Class A misdemeanor offense. Tex.Penal Code Ann. § 38.03(c) (Vernon 1974). Appellant states that there are no cases on whether the State is required to plead the specific

manner and means of resistance. However, he argues that since the State alleged he hit with his arms, it was bound to prove that he hit with both arms.

If unnecessary words or allegations are not descriptive of that which is legally essential to the validity of an information, they may be rejected as surplusage. *Franklin v. State*, 659 S.W.2d 831, 833 (Tex.Crim.App.1983). On the other hand, if the unnecessary matter is descriptive of that which is legally essential to the validity of an information, then it must be proven as alleged even though needlessly stated. *Id.*

It is well settled that where a person, place, or thing that must be mentioned in an information is described with unnecessary particularity, all of the circumstances of description must be proven and cannot be rejected as surplusage. *Burrell v. State*, 526 S.W.2d 799, 802–03 (Tex.Crim. App.1975).

Under § 38.03, a person has committed an offense if he "intentionally prevents or obstructs a person he knows is a peace officer ... from effecting an arrest or search of the actor ... by using force against the peace officer or another." Tex. Penal Code Ann. § 38.03(a) (Vernon 1974).

In the instant case, appellant started to back into the crowd when Whitehead informed him that he was under arrest. Whitehead testified that he was "swinging his arms." She stated that when she grabbed his coat sleeve, he kept swinging at her, and pulled her into the crowd. Although she attempted to avoid being hit, she stated she was struck twice by appellant. Apparently, after Whitehead had caught hold of appellant's sleeve, he used his free arm to swing at her. Whitehead did not know which of appellant's arms she held.

Wood, who witnessed most of the confrontation between appellant and Whitehead, testified he saw appellant swinging his arms at Whitehead. He also stated that, at one point, Whitehead lost her grip on appellant. After he decided that Whitehead needed assistance, he approached appellant, and appellant's resistance increased. As appellant's "swings" intensified, he also directed them at Wood, who hit appellant with his pistol to subdue him. On cross-examination, Wood stated appellant used one arm to attempt to pull away from Whitehead and the other arm to swing back and forth.

Officer Dawson also witnessed the confrontation and testified that appellant was flailing his arms. He stated that appellant broke Whitehead's grip on him and used the arm that had been held by the sleeve to strike Whitehead.

Appellant's witnesses, most of whom were relatives or acquaintances of appellant, testified that appellant neither flailed his arms nor hit Whitehead. In fact, they stated that appellant did not curse Whitehead or offer any resistance.

The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981). Jurors are entitled to accept one version of the facts and reject another or reject any of a witness's testimony. *Id.* Whitehead did not know which of appellant's arm or arms hit her. Wood saw her hit by appellant's free arm. Dawson saw her hit by appellant's arm which had been held, but later broke free from Whitehead's grip.

We hold that there is sufficient evidence for the jury to have reasonably found that appellant hit Whitehead with his arms, knowing that she was a peace officer.

Appellant's first ground of error is overruled.

■ In ground of error two, appellant contends that the trial court erred in failing to instruct the jury that the action of pulling away from an arresting officer does not constitute an offense.

The State and appellant agree that the act of shaking off an arresting officer's detaining grip is not resisting arrest. *See* Searcy & Patterson, Practice Commentary, 4 Tex.Penal Code Ann. § 38.03 (Vernon

1974). The issue is whether appellant was entitled to a jury instruction.

The information used the phrase "by use of force against a complainant." The term "force" is not defined in the Penal Code. The general rule is that when there are no statutory definitions of a term, a trial court is not obligated to give an instruction if the term has a common ordinary meaning so that jurors can be fairly presumed to know and apply such meaning. *Russell v. State*, 665 S.W.2d 771, 780 (Tex.Crim.App.1983).

Although the State appears to argue to the contrary, a majority of the officers who witnessed the confrontation between appellant and Whitehead testified that appellant was "pulling away" from Whitehead. Pulling away from a police officer does not constitute a force against a police officer and is not sufficient to sustain a conviction for resisting arrest. *Raymond v. State*, 640 S.W.2d 678, 679 (Tex.App.—El Paso 1982, pet ref'd).

Appellant urges that *Hill v. State*, 585 S.W.2d 713 (Tex.Crim.App.1979), supports his position that he is entitled to a jury instruction. We disagree. *Hill* states that a defendant is entitled to an affirmative submission of defensive issues. The defensive issue in *Hill* was whether the murder victim died from natural causes rather than from being choked and beaten by the defendant. An affirmative finding that the victim died of natural causes would preclude a finding that the defendant killed her. However, in the present case, a finding that appellant pulled away from Whitehead is not dispositive of the issue of whether he hit her with his arms. Pulling away does not constitute an offense and is not a defensive issue.

By the trial court's refusal to submit an instruction on pulling away, the jury was not left to speculate on whether pulling away constituted sufficient force for a finding of guilty. The trial court adequately charged the jury on the law when it charged the jury that they must find that appellant hit Whitehead with his arms.

Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends that the trial court committed reversible error in overruling his motion for a new trial based on outside evidence received by the jury.

All six of the jurors testified at the hearing on the motion for new trial. It was undisputed that the foreman, Ms. Galey, went to the public library one evening during the trial, and looked in a newspaper to determine what time the sun set on the day of the offense. She found that the sun set at 5:40 p.m. that day. She gave this information to the other jurors during the early part of their deliberations on guilt. The other jurors immediately reminded her that they were not to consider this fact because of the trial judge's instructions. All the jurors testified that this information did not effect their decision.

Tex.Code Crim.Proc.Ann. art. 40.03(7) (Vernon 1979) states that new trials shall be granted, "[w]here the jury, after having retired to deliberate upon a case, has received other evidence." In order to mandate a new trial, it must be shown that other evidence was actually received by the jury and that it was detrimental to appellant. "The controlling factor in deciding whether a new trial is required is the character of the evidence, in light of the issues before the jury, not the effect of such evidence on the jurors." *Garza v. State*, 630 S.W.2d 272, 274 (Tex.Crim.App.1981).

In the instant case, the evidence was undisputed that the events took place about 6:15 p.m. or later and that the sun was down. Testimony that it was "pretty dark" and "getting dark" came from at least two police officers and three defense witnesses. Evidence of the exact time the sun set was not "other evidence" as contemplated by Article 40.03(7), because it merely reinforced an undisputed fact, and did not introduce new information. Even if considered "other evidence," it was not detrimental to appellant.

Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.