Daniel John SHEEHAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–04–00218–CR.

Court of Appeals of Texas, Waco.

June 21, 2006.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Jefferson County Criminal Dist. Atty., Wayln G. Thompson, Jefferson County Asst. Criminal Dist. Atty., Beaumont, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant Daniel John Sheehan appeals his misdemeanor conviction of resisting arrest and thirty-day sentence. We will reverse the trial court's judgment and render a judgment of acquittal.

On the occasion in question, Sheehan was a parolee resident at a halfway house. Two Beaumont police officers—one male and one female—arrived to arrest him for a parole violation. Only the female officer testified. When asked what had happened on the occasion in question, she said:

> When we got there, the staff wasn't familiar with him because he had just arrived and they told us that he was living in Dorm D. So, we went to Dorm D and called out to Sheehan and he acknowledged. So, when I went up to him, he was boxing up papers in manila envelopes. That was all the property that he had and we told him that we were here to serve a warrant and he said that he had to pack all his stuff and we told him that the staff packs his stuff, he needed to go with us.
>
> He refused and when Crosby [the other officer] went to reach for his left arm, he stood up and pulled his hands into his chest and leaned toward the bunk bed which is kind of restricted. It's a restricted area. So, I grabbed his right arm. Crosby had his left hand. We moved him to the ground so he couldn't

try to run away, got his arms behind his back, handcuffed him and walked him outside, escorted him outside of the door.

As they were going outside and in front of about 100 other residents, Sheehan sat down in protest because his finger had been cut and was bleeding and the officers told him that he would not get medical attention until he got to the jail. The officers picked up Sheehan and carried him outside, where he stood up and got into the patrol car. The officer testified that, in her opinion, Sheehan had resisted arrest by pulling his arms in to his chest and interlocking them. She also described his conduct as pulling his hands in, holding them tight, refusing to move them, standing up, and moving toward the bunk area.

Sheehan testified that he had many pages of legal documents that he wanted to take with him to jail. When the officers said that he could not take them, Sheehan tried to take the documents he was holding and pulled them into his chest. He denied resisting arrest with force.

Sheehan asserts in his first issue that the evidence is legally insufficient to support the conviction because the State failed to prove that he used force against the officer.[1] He argues that the evidence shows that he was only passively resistant and did not direct any force or violence toward the arresting officers.

■■■ When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of

the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The standard is the same for both direct and circumstantial evidence cases. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim.App.1999). We do not resolve any conflict of fact or assign credibility to the witnesses; this was the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App.1999); *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992). Instead, our duty is to determine if the findings of the trier of fact are rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman*, 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App.2000).

■■■ A person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest *by using force against the peace officer.* Tex. Pen. Code Ann. § 38.03(a) (Vernon 2003). We recently wrote:

The Penal Code does not provide a definition of "using force against" or of those terms individually. Courts have concluded that non-cooperation with an arrest is not an act of "use of force against" a peace officer under the resisting arrest statute, for example:

● shaking off an arresting officer's detaining grip. *Anderson v. State*, 707 S.W.2d 267, 269 (Tex.App.-Houston [1st Dist.] 1986, no pet.).

---

1. Sheehan was additionally charged in a companion case with the offense of inciting a riot (arising out of the same occasion), and the cases were tried together, with Sheehan representing himself *pro se*. After the State's case-in-chief, the trial court entered an instructed verdict of not guilty, stating to the prosecutor that the trial court "wouldn't feel particularly bad if I had instructed y'all out on both."

- pulling away from an arresting officer after being arrested. *Young v. State,* 622 S.W.2d 99, 100–01 (Tex.Crim.App. [Panel Op.] 1981).
- crawling away from an arresting officer. *Leos v. State,* 880 S.W.2d 180, 181 (Tex.App.-Corpus Christi 1994, no pet).

**Thus, refusing to cooperate with being arrested does not constitute resisting arrest by force.** However, we have held that evidence of non-cooperation combined with violent swings of the body and a forward movement causing the officer and the defendant to fall off a porch was sufficient to establish resisting arrest. *Bryant v. State,* 923 S.W.2d 199, 206 (Tex.App.-Waco 1996, pet ref'd). *Campbell v. State,* 128 S.W.3d 662, 671 (Tex.App.-Waco 2003, no pet.) (emphasis added). And courts have made the distinction between actions that endanger an officer (*i.e.* striking an arresting officer's arm) and those actions in which there is no danger of injury to the officer (*i.e.* pulling arm away from officer). *See Raymond v. State,* 640 S.W.2d 678, 679 (Tex.App.-El Paso 1982, pet. ref'd).

■ In this case, there was no evidence of danger of injury to the officers from Sheehan's passive non-cooperation, and thus there was no evidence that Sheehan used force against the officers. In its brief, the State concedes that the evidence is insufficient to show a use of force.

Viewing all of the evidence in the light most favorable to the verdict and giving full play to the responsibility of the factfinder fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts, we hold that no rational factfinder could have found that Sheehan used force against a peace officer and committed the offense of resisting arrest beyond a reasonable doubt. *See Jackson,* 443 U.S. at 318–19, 99 S.Ct. at 2788–89; *Santellan v. State,* 939 S.W.2d 155, 160 (Tex.Crim.App.1997). We sustain Sheehan's first issue.

■ Because by sustaining Sheehan's first issue we must render a judgment of acquittal, we do not address his second issue, which asserts error because the trial court did not properly admonish Sheehan before allowing him to proceed *pro se*. *See* Tex.R.App. P. 47.1. But we note that the State concedes error because no admonishments appear in the record.[2]

We reverse the trial court's judgment and render a judgment of acquittal on the charged offense of resisting arrest.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

The majority overstates the facts, the law, and the State's concessions to justify its expansive discussion of the offense of resisting arrest. Had the majority opinion been appropriately limited to that necessary to a disposition of the appeal, this concurring opinion would be unnecessary. Tex.R.App. P. 47.1. But I cannot let the majority's statements go unchallenged.

The State's reply to the appellant's first issue, that the evidence was insufficient to support the conviction, begins with a summary of the issues presented. The State makes the following summary of the appellant's first issue:

---

**2.** In this appeal, Sheehan has attempted to file several *pro se* motions, objections, and supplemental briefs despite his representation by appointed counsel. A party represented by counsel is not entitled to hybrid representation. *Ex parte Taylor,* 36 S.W.3d 883, 887 (Tex.Crim.App.2001). Some of Sheehan's documents assert ineffectiveness against his appointed appellate counsel and indicate a desire to proceed *pro se* at this point. Because of our disposition, we will disregard these documents.

He first argues that the evidence was insufficient to support the conviction for resisting arrest. He appears to limit his argument to a complaint regarding the factual sufficiency of the evidence to establish use of force directed against the officers.

So, the concession that is being made by the State is that the evidence is factually insufficient, not that it is legally insufficient.

In response to appellant's second issue, which is that the trial court erred by failing to properly admonish the appellant about the dangers and disadvantages of acting as his own attorney, as required by *Faretta*, the State also concedes that this was error. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This error requires a reversal and remand to the trial court for further proceedings. So, unless you are trying to establish new law in the area of resisting arrest, it seems inappropriate to engage in extensive discussion, as the majority has done.

What is most troubling to me about this opinion is that we do not discuss whether or not it is appropriate to engage in this extensive discussion of resisting arrest without first addressing the deprivation of constitutional right of counsel, or the absence of *Faretta* warnings. Likewise, the majority, having previously held that a defendant is statutorily entitled to represent himself on appeal, has completely failed to address appellant's assertion of the right to represent himself in this appeal.

Regardless of the result of the first issue, there is an appropriate order in which matters should be considered by the appellate court. In this proceeding, appellant's assertion of his right to represent himself in this appeal was ignored by a majority of the Court and is now dismissed as immaterial because they have elected to acquit the appellant.

In a simple memorandum opinion, without any fanfare or effort to establish law, after having dealt with appellant's assertion of his statutory right to represent himself on appeal, on the matter of the first issue I would have limited my discussion of the facts to the evidence which occurred prior to the arrest, none of which involved any assertion of force against the officer prior to the time of the arrest, and footnoted the possibility that such acts may have constituted a lesser offense of evading arrest. *See Young v. State*, 622 S.W.2d 99, 100 (Tex.Crim.App. [Panel Op.] 1981). With these comments, I concur only in the judgment of the Court.