This opinion/order has been withdrawn per order of the Tenth Court of Appeals.






>
 
 
 
 
 
 


 



No. 10-08-00386-CR

 

Elzie Bell,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court

Navarro County, Texas

Trial Court No. 60358

 



MEMORANDUM  Opinion



 








            In his sole issue, Elzie
Bell challenges the legal and factual sufficiency of the evidence supporting
his conviction for the misdemeanor offense of resisting arrest.  We will
affirm.

When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  Our duty is to determine if the finding of the trier of fact is
rational by viewing all of the evidence admitted at trial in the light most
favorable to the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex.
Crim. App. 1992).  Any inconsistencies in the evidence are resolved in favor of
the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In reviewing the sufficiency of the
evidence, we should look at “events occurring before, during and after the
commission of the offense and may rely on actions of the defendant which show
an understanding and common design to do the prohibited act.”  Cordova v.
State, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985).  Each fact need not
point directly and independently to the guilt of the appellant, as long as the
cumulative force of all the incriminating circumstances is sufficient to
support the conviction.  See Johnson v. State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993) (“[i]t is not necessary that every fact point directly and
independently to the defendant’s guilt; it is enough if the conclusion is
warranted by the combined and cumulative force of all the incriminating
circumstances.”); Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App.
1994); Alexander v. State, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).

 

. . .

 

[C]ourts of appeals should adhere to the
Jackson standard and determine whether the necessary inferences are
reasonable based upon the combined and cumulative force of all the evidence
when viewed in the light most favorable to the verdict.

 

Hooper v. State, 214 S.W.3d 9, 13, 15-17 (Tex. Crim.
App. 2007).

The Court of Criminal Appeals recently
overruled Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996) and
factual-sufficiency review.  See Brooks v. State, --- S.W.3d ---, ---,
2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6, 2010).  The court held that the
Jackson v. Virginia legal-sufficiency standard is the only standard a
reviewing court should apply in determining the sufficiency of the evidence.  Id. 
We thus will not review the evidence for factual sufficiency.

Bell argues that there is no evidence
the officer was attempting an arrest or that Bell used force against the
officer.  A person is arrested when he has actually been placed under restraint
or taken into custody by an officer or person executing an arrest warrant or by
an officer or person arresting without a warrant.  Tex. Code Crim. Proc. Ann. art. 15.22 (Vernon 2007).  Bell
points to no authority that a person must be told he is being placed under
arrest before he can commit the offense of resisting arrest.

A person commits the offense of
resisting arrest if he intentionally prevents or obstructs a person he knows is
a peace officer from effecting an arrest[, search, or transportation of the
actor] by using force against the peace officer.  Tex. Pen. Code Ann. § 38.03(a) (Vernon 2003).  We recently
wrote:

 

       The Penal Code does not provide a
definition of “using force against” or of those terms individually.  Courts
have concluded that non-cooperation with an arrest is not an act of “use of
force against” a peace officer under the resisting arrest statute, for example:

 

· shaking off an arresting officer’s
detaining grip.  Anderson v. State, 707 S.W.2d 267, 269 (Tex.
App.—Houston [1st Dist.] 1986, no pet.).

 

· pulling away from an arresting officer
after being arrested.  Young v. State, 622 S.W.2d 99, 100-01 (Tex. Crim.
App. [Panel Op.] 1981).

 

· crawling away from an arresting
officer.  Leos v. State, 880 S.W.2d 180, 181 (Tex. App.—Corpus Christi
1994, no pet).

 

       Thus, refusing to cooperate
with being arrested does not constitute resisting arrest by force. 
However, we have held that evidence of non-cooperation combined with violent
swings of the body and a forward movement causing the officer and the defendant
to fall off a porch was sufficient to establish resisting arrest.  Bryant v.
State, 923 S.W.2d 199, 206 (Tex. App.—Waco 1996, pet ref’d).

 

Campbell v. State, 128 S.W.3d 662, 671 (Tex. App.—Waco
2003, no pet.) (emphasis added).  And courts have made the distinction between
actions that endanger an officer (i.e. striking an arresting officer’s
arm) and those actions in which there is no danger of injury to the officer (i.e.
pulling arm away from officer).  See Raymond v. State, 640 S.W.2d 678,
679 (Tex. App.—El Paso 1982, pet. ref’d).

 

Sheehan v. State, 201 S.W.3d 820, 822-23 (Tex. App.—Waco
2006, no pet.).

            The evidence viewed in the light most favorable to
the verdict shows that Officer
Williams instructed Bell, who appeared to be intoxicated, to put his hands
behind his back as Bell attempted to approach a man who Bell had allegedly just
assaulted.  When Bell did not comply, Officer Williams grabbed Bell’s hand in
an attempt to handcuff him.  Bell then tried to pull his arm away and pushed
Officer Williams, who pepper-sprayed Bell and wrestled him to the ground.  Bell
ignored repeated instructions to stop resisting, and Officer Simpson and a
paramedic had to physically assist Officer Williams in subduing Bell and
applying handcuffs.  Thereafter, the officers had to forcibly put Bell in the
police car.

            Based on this evidence, a
rational juror could find, beyond a reasonable doubt, that Bell was being
arrested and used force against the officers.  The evidence is legally
sufficient, and we overrule Bell’s issue.

We affirm the trial court’s judgment.

 

 

 

REX D. DAVIS

Justice

 




Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray concurs in the
judgment to the extent it affirms the trial court’s judgment only.  A separate
opinion will not issue.)

Affirmed

Opinion
delivered and filed December 8, 2010

Do
not publish

[CR25]