

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00386-CR

ELZIE BELL,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

**From the County Court
Navarro County, Texas
Trial Court No. 60358**

## MEMORANDUM  OPINION

In his sole issue, Elzie Bell challenges the legal and factual sufficiency of the evidence supporting his conviction for the misdemeanor offense of resisting arrest.  We will affirm.

When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *See Jackson v.*

*Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). Any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

> In reviewing the sufficiency of the evidence, we should look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Cordova v. State,* 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Johnson v. State,* 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) ("[i]t is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances."); *Barnes v. State,* 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); *Alexander v. State,* 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).
>
> . . .
>
> [C]ourts of appeals should adhere to the *Jackson* standard and determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.

*Hooper v. State,* 214 S.W.3d 9, 13, 15-17 (Tex. Crim. App. 2007).

The Court of Criminal Appeals recently overruled *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) and factual-sufficiency review. *See Brooks v. State*, --- S.W.3d ---, ---, 2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6, 2010). The court held that the *Jackson v. Virginia* legal-sufficiency standard is the only standard a reviewing court should apply in determining the sufficiency of the evidence. *Id.* We thus will not review the

evidence for factual sufficiency.

Bell argues that there is no evidence the officer was attempting an arrest or that Bell used force against the officer. A person is arrested when he has actually been placed under restraint or taken into custody by an officer or person executing an arrest warrant or by an officer or person arresting without a warrant. TEX. CODE CRIM. PROC. ANN. art. 15.22 (Vernon 2007). Bell points to no authority that a person must be told he is being placed under arrest before he can commit the offense of resisting arrest.

> A person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest[, search, or transportation of the actor] *by using force against the peace officer*. TEX. PEN. CODE ANN. § 38.03(a) (Vernon 2003). We recently wrote:
>
>> The Penal Code does not provide a definition of "using force against" or of those terms individually. Courts have concluded that non-cooperation with an arrest is not an act of "use of force against" a peace officer under the resisting arrest statute, for example:
>>
>> · shaking off an arresting officer's detaining grip. *Anderson v. State,* 707 S.W.2d 267, 269 (Tex. App.—Houston [1st Dist.] 1986, no pet.).
>>
>> · pulling away from an arresting officer after being arrested. *Young v. State,* 622 S.W.2d 99, 100-01 (Tex. Crim. App. [Panel Op.] 1981).
>>
>> · crawling away from an arresting officer. *Leos v. State,* 880 S.W.2d 180, 181 (Tex. App.—Corpus Christi 1994, no pet).
>>
>> **Thus, refusing to cooperate with being arrested does not constitute resisting arrest by force**. However, we have held that evidence of non-cooperation combined with violent swings of the body and a forward movement causing the officer and the defendant to fall off a porch was sufficient to establish resisting arrest. *Bryant v. State,* 923 S.W.2d 199, 206 (Tex. App.—Waco 1996, pet ref'd).
>
> *Campbell v. State,* 128 S.W.3d 662, 671 (Tex. App.—Waco 2003, no pet.) (emphasis added). And courts have made the distinction between actions

that endanger an officer (*i.e.* striking an arresting officer's arm) and those actions in which there is no danger of injury to the officer (*i.e.* pulling arm away from officer). *See Raymond v. State,* 640 S.W.2d 678, 679 (Tex. App.—El Paso 1982, pet. ref'd).

*Sheehan v. State,* 201 S.W.3d 820, 822-23 (Tex. App.—Waco 2006, no pet.).

The evidence viewed in the light most favorable to the verdict shows that Officer Williams instructed Bell, who appeared to be intoxicated, to put his hands behind his back as Bell attempted to approach a man who Bell had allegedly just assaulted. When Bell did not comply, Officer Williams grabbed Bell's hand in an attempt to handcuff him. Bell then tried to pull his arm away and pushed Officer Williams, who pepper-sprayed Bell and wrestled him to the ground. Bell ignored repeated instructions to stop resisting, and Officer Simpson and a paramedic had to physically assist Officer Williams in subduing Bell and applying handcuffs. Thereafter, the officers had to forcibly put Bell in the police car.

Based on this evidence, a rational juror could find, beyond a reasonable doubt, that Bell was being arrested and used force against the officers. The evidence is legally sufficient, and we overrule Bell's issue.

We affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurs in the judgment to the extent it affirms the trial court's judgment only.  A separate opinion will not issue.)
Affirmed
Opinion delivered and filed December 8, 2010
Do not publish
[CR25]