

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| ADRIAN D. SMITH, | § | No. 08-11-00348-CR |
| Appellant, | § | Appeal from |
| v. | § | County Criminal Court No. 3 |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC # 1110430) |
|  | § |  |

## **O P I N I O N**

Adrian D. Smith appeals his conviction of resisting arrest. A jury found Appellant guilty and the court assessed his punishment at a fine of $200 and 90 days in jail, probated for one year. We affirm.

## **FACTUAL SUMMARY**

Sean T. Nguyen, a Fort Worth police officer, was dispatched to an apartment complex in Fort Worth because Sandy Smith, Appellant's mother, had reported a domestic disturbance. After arriving at the apartment, Nguyen began speaking with Ms. Smith about why she had called, but Appellant came into the area and began interrupting the conversation to the point that Officers Nguyen and Nash[1] could not talk with Ms. Smith. Nguyen described Appellant as

---

[1] Another police officer, Officer Nash, responded to the call with Nguyen but Nash did not testify because he was deployed with the military at the time of trial.

aggressive and "pretty loud and pretty vocal." Nguyen told Appellant that they were speaking with Ms. Smith first and then they would talk to him to get his side of the story. He also asked Appellant to stop interfering with the officers' conversation with Ms. Smith, but he would not stop. Nguyen also told Appellant that it was a criminal offense for him to interfere with the officers' investigation, but Appellant persisted with this behavior for ten to fifteen minutes. Finally, Nguyen told Appellant to step outside of the apartment because he was going to arrest him for interference with public duties. Initially, Appellant refused to cooperate but he eventually stepped outside. Nguyen informed Appellant he was under arrest and ordered him to put his hands behind his back. Nguyen, who was standing at Appellant's left side, gripped Appellant's arm by the elbow and attempted to grasp Appellant's hand, but Appellant pushed his arm and hand forcefully towards Nguyen causing him to lose his grip on Appellant and step backwards a couple of steps. Nash was standing on the right side of Appellant. When Officer Nguyen lost control of Appellant, Officer Nash grabbed Appellant and took him to the ground. They asked Appellant to cooperate and place his hands behind his back, but he would not do as they asked and he kicked at them with his legs. They eventually handcuffed Appellant and took him into custody.

Appellant testified in his own defense. He has been enlisted in the Army since June of 2007. On the evening in question, he had been at his godmother's house watching wrestling on television with her. Afterward, he went to his mother's apartment and spent some time with her. His mother had been drinking and she became upset with him. She asked him to leave but he did not do so. When the police arrived, he went into his mother's bedroom but stood in the doorway.

- 2 -

He "chimed in" when she was talking to the police and let them know she had been drinking. He also told them he had not done anything wrong by refusing to leave. Appellant admitted that the officers asked him to stop talking. After the officers talked to his mother for a while, they took him outside and asked him what was going on. Appellant said it made the officers angry when he answered them by simply stating he was not the person who had called them. After a moment of silence, the officers grabbed him and wrestled him to the ground without ever telling him he was under arrest for interference with public duties. Appellant denied putting up any kind of resistance and said he told the officers, "I'm not resisting." The officers cuffed him and placed Appellant in a patrol car.

The jury resolved the evidentiary conflicts in favor of the State and found Appellant guilty of resisting arrest as alleged in the information. This appeal follows.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant challenges the legal sufficiency of the evidence supporting his conviction because Officer Nguyen testified on cross-examination that Appellant's use of force was not unreasonable.

### *Standard of Review*

In *Brooks v. State*, the Court of Criminal Appeals abandoned factual sufficiency review in those cases where the burden of proof is beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010)(finding no meaningful distinction between the legal and factual sufficiency standards and no justification for retaining both standards, therefore overruling the factual sufficiency review adopted in *Clewis v. State*, 922 S.W.2d 126, 133

- 3 -

(Tex.Crim.App. 1996)). The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks*, 323 S.W.3d at 894-95.

Under that standard, a reviewing court views all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex.Crim.App. 2012); *Brooks*, 323 S.W.3d at 894-95, *citing Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. As the trier of fact, the jury is the sole judge as to the weight and credibility of witness testimony, and therefore, on appeal we must give deference to the jury's determinations. *Brooks*, 323 S.W.3d at 894-95. If the record contains conflicting inferences, we must presume the jury resolved such facts in favor of the verdict and defer to that resolution. *Id*. On appeal, we serve only to ensure the jury reached a rational verdict, and we may not reevaluate the weight and credibility of the evidence produced at trial and in so doing substitute our judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). The sufficiency standard is the same for both direct and circumstantial evidence. *Wise*, 364 S.W.3d at 903.

*Elements of Resisting Arrest*

A person commits resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer from effecting an arrest, search, or transportation of the actor by using force against the peace officer. *See* TEX.PENAL CODE ANN. § 38.03(a)(West 2011). The information alleged, and the jury found, that Appellant intentionally prevented or obstructed

Officer Nguyen, a person Appellant knew to be a peace officer, from effecting an arrest or search of Appellant, by using force against the peace officer, to-wit: by pushing the officer with his hand.

The Penal Code does not define the phrase "using force against" so the words must be given their common and ordinary meaning. The Ninth Edition of Black's Law Dictionary defines "force" as "[p]ower, violence, or pressure directed against a person or thing." BLACK'S LAW DICTIONARY 717 (9th ed. 2009). In *Haliburton v. State*, the Fort Worth Court of Appeals relied on an earlier version of Black's Law Dictionary which defined "force" as "[p]ower dynamically considered, that is, in motion or in action; constraining power, compulsion; strength directed to an end." *Haliburton v. State*, 80 S.W.3d 309, 313 (Tex.App.--Fort Worth 2002, no pet.), *quoting* Black's Law Dictionary 330 (5th ed.1983).

Passive resistance or noncooperation does not constitute the use of force against an officer under Section 38.03. *See Sheehan v. State*, 201 S.W.3d 820, 822 (Tex.App.--Waco 2006, no pet.)(stating that passive noncooperation does not amount to using force against an officer; the defendant's conduct amounted to only passive noncooperation where the defendant pulled his arms to him chest and interlocked them; the conduct posed no danger to the arresting officers and did not constitute use of force under Section 38.03). This court has held that Section 38.03 does not require that the defendant's action be directed at or toward an officer; rather, it only requires force exerted in opposition to the officer's efforts at making an arrest. *See Hopper v. State*, 86 S.W.3d 676, 679 (Tex.App.--El Paso 2002, no pet.).

*Review of the Evidence*

Appellant states his issue in terms of the reasonableness or unreasonableness of his use of force against the officer, but Section 38.03 does not require the State to prove that the actor's use of force is unreasonable. It is no defense to prosecution for resisting arrest that the arrest was unlawful. TEX.PENAL CODE ANN. § 38.03(b). The critical question is whether the evidence is legally sufficient to support the jury's determination that Appellant prevented or obstructed Office Nguyen, a person Appellant knew to be a police officer, from effecting an arrest of Appellant by using force against the officer. There is no dispute in this case that Appellant knew Officer Nguyen to be a peace officer. Taken in the light most favorable to the verdict, the evidence showed that Officer Nguyen told Appellant that he was placing him under arrest for interference with public duties and to put his hands behind his back; Nguyen gripped Appellant's arm with his hand and attempted to put Appellant's hand behind his back in order to handcuff him, but Appellant forcefully pushed the officer away which caused him to lose his grip on Appellant's arm. Based on this evidence, a rational trier of fact could reasonably find beyond a reasonable doubt that Appellant intentionally prevented or obstructed Officer Nguyen from effecting an arrest of Appellant by using force against the officer, namely, by pushing the officer with his hand. *See Humphreys v. State*, 565 S.W.2d 59, 60 (Tex.Crim.App. 1978)(striking at an officer's arm, pushing the officer, and struggling with the officer is sufficient use of force under Section 38.03); *Pumphrey v. State*, 245 S.W.3d 85, 91-92 (Tex.App.--Texarkana 2008, pet. ref'd)(evidence sufficient to support conviction of resisting arrest where defendant immediately started pulling away and jerking when the officer informed her she was under arrest for

- 6 -

disorderly conduct and defendant jerked, squirmed, twisted, turned and struggled against the officer's efforts to arrest her).  We overrule Appellant's sole issue and affirm the judgment of the trial court.

June 26, 2013

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)