ACCEPTED
06-14-00139-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/20/2015 9:36:05 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00139-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/23/2015 1:35:00 PM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS SIXTH DISTRICT

AT TEXARKANA, TEXAS

_____

DONNY JOE CURRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

APPEAL IN CAUSE NUMBER CR1301508

IN THE COUNTY COURT AT LAW NUMBER 1

OF HUNT COUNTY, TEXAS

_____

BRIEF FOR APPELLANT
_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his request for the judgment of conviction to be overturned in Cause No. CR1301508.

Appellant Requests Oral Argument

# IDENTITY OF PARTIES AND COUNSEL

Appellant's Attorney:
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403-0011

Appellant's Trial Attorney:
Toby Wilkinson
P.O. Box 851266
Mesquite, Texas 75149

Appellee:
The State of Texas by and through
Joel Littlefield
Hunt County Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

Appellee's Trial Counsel:
DISTRICT ATTORNEY OF COLLIN COUNTY
BY: MR. JACKSON DAVID 'JACKSON MCMINN' MCMINN
2100 BLOOMDALE ROAD
MCKINNEY, TX 75071
SUITE 100

# TABLE OF CONTENTS

Identity of the Parties and Counsel ...............................................................2

Table of Contents ........................................................................................3

Index of Authorities .....................................................................................4

Statement of the Case ..................................................................................6

Issues Presented ..........................................................................................7

Statement of the Facts..................................................................................8

Summary of the Argument ...........................................................................10

Argument and Authorities ............................................................................11

    **Issue Number One** ...............................................................................11
    The evidence is legally insufficient to prove beyond reasonable
    doubt, that Curry Resisting Arrest.

Prayer for relief ...........................................................................................17

Certificate of compliance of typeface and Word Count............................18

Certificate of Service....................................................................................19

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Jackson v. Virginia,* 443 U.S. 307. ..........................................................11

**STATE CASES:**

*Alexander v. State*, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).............12

*Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994) .................12

*Cordova v. State*, 698 S.W.2d 107 (Tex. Crim. App. 1985) ……………....12

*Hooper v. State*, 214 S.W.3d 9, 13, 15-17 (Tex. Crim. App. 2007)............12

*Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) ...............12

*Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009) .........................11

*Navarro v.State*, 810 S.W.2d 432, 435 (Tex. App.—San Antonio 1991, pet. refd) ..............................................................................................16

*Pumphrey v. State*, 245 S.W. 3d 85 (Tex. App. Texarkana 2008).............13

*Reedy v. State*, 214 S.W. 3d 567 (Tex. App.—Austin 2006) .....................16

*Sheehan v. State*, 201 S.W. 3d 820 (Tex. App. Waco 2006, no pet.)........14

*Shelton v. State*, 795 S.W.2d 162, 167 (Tex.Crim.App.1989) ...................16

*Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992)...................16

*Vodochodsky v. State,* 158 S.W. 3d 502, (Tex. Crim. App. 2005) .............11

*Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd) ...............................................................................11

**STATE STATUTES:**

TEX PENAL CODE ANN. §  6.03(a) & (b) (West 2011) ............................15

TEX PENAL CODE ANN. § . §38.03(a) (Casemaker  2014) ......................12

## STATEMENT OF THE CASE

This is an appeal of the judgment and sentence in a criminal case for the County Court at Law No. 1, in Hunt County, Texas. Appellant was convicted by the trial court of Resisting Arrest in CR1301508.

Appellant was assessed a sentence of 275 days, in the Hunt County Jail. Notice of appeal was given on August 1, 2014. The clerk's record was filed on October 1, 2014; the reporter's record was filed on November 3, 2014.

## ISSUE PRESENTED

**Issue One:**     **The evidence is legally insufficient to prove beyond reasonable doubt, that Curry committed the offense of Resisting Arrest.**

## STATEMENT OF THE FACTS

On March 1, 2013, Donny Joe Curry (Appellant) was stopped by Officer Samantha Marique in Commerce, Texas. (RR Vol. 9 p. 63). Marique testified at trial that while on a routine patrol she notice a blue vehicle with no rear license plate. Marique further testified that when she confronted Appellant he state that he had no driver's license and no insurance. (RR Vol. 9. 63). Later, Marique simply states that Appellant only gave her the name of Donny and that there was no registration insignia on the front of the windshield. (RR Vol. 9. 67).

Marique felt that she needed back up to deal with appellant so she called for the help of Officers Pehl and Scott. During that time Appellant waited in his vehicle. When Pehl and Scott arrived, Marique briefly explained why she had pulled Appellant over. Pehl immediately opened the Appellant's door ordered him to exit and used a Taser on Appellant. Marnique stated that while being Tased, Appellant held on to the steering wheel. (RR Vol. 9. 69). After Appellant screamed in pain from the Taser, and requested of Pehl to follow the law, Pehl removed Appellant from the vehicle. As officer Pehl removed Appellant from the car Appellant held his arms up in the air and away from officer Pehl. Officer Pehl then put hand cuffs on Appellant, guided Appellant to the hood of Marnique's car and then

8

escorted Appellant off camera. (State's Exhibit 3, 8:30- 11:30). Marique testified that the officers found Appellant's Social Security Card and driver's license. (RR Vol. 9. 81).

## SUMMARY OF THE ARGUMENT

**Issue One:**     **The evidence is legally insufficient to prove beyond reasonable doubt, that Curry committed Resisting Arrest**

The evidence presented at trial could not have led a rational trial court to find that Curry acted with a conscious objective or desire to intentionally prevented or obstructed a peace officer or person acting in a peace officers' presence and at his direction from effecting an arrest, search of Appellant by using force against the peace officer or another, or that he was aware that her conduct was reasonably certain to cause that result.

Concluding so, based on the evidence presented at trial, would have been speculation or suspicion by the factfinder.  Thus, the evidence is legally insufficient to convict Curry in this case.

## ARGUMENT

## Issue One: The evidence is legally insufficient to support the conviction of Appellant

In a criminal case, an appellant may raise legal sufficiency for the first time on appeal. *Washington v. State* 127 S.W. 3d 197 (Tex. App. Houston [1st Dist.] 2003, pet. dism'd). When reviewing legal sufficiency of the evidence, a court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense were proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319; *Vodochodsky v. State,* 158 S.W. 3d 502, (Tex. Crim. App. 2005). While giving the proper deference to the factfinder's role this court must safeguard against the rare occurrence when a factfinder does not act rationally. *Laster v. State,* 275 S.W. 3d 512 (Tex. Crim. App. 2009).

In this case Appellant was charged with Resisting Arrest. (CR Vol. 1pps 16, & 17). To support a conviction of the appellant, the State must prove beyond a reasonable doubt that Appellant intentionally prevented or obstructed a person he knows is a peace officer or person acting in a peace officers' presence and at his direction from effecting an arrest, search or transportation of the actor or another by using force against the

11

peace officer or another. TEX. PEN. CODE ANN. §38.03(a) (Casemaker 2014).

In reviewing the sufficiency of the evidence, courts should look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. See *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) ("[i]t is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances."); *Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994).; *Alexander v. State*, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).

[C]ourts of appeal should adhere to the Jackson standard and determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 13, 15-17 (Tex. Crim. App. 2007).

This Court examined sufficiency of the evidence in resisting arrest in *Pumphrey v. State*. *Pumphrey v. State*, 245 S.W. 3d 85 (Tex. App. Texarkana 2008). Yet, the facts in this case do not demonstrate near the same level of conduct by the defendant in *Pumphrey* or the cases cited and rejected therein.

In *Pumphrey*, evidence brought at trial demonstrated that the defendant *Pumphrey*, while waiting to enter a dance at her university, got into a verbal confrontation with a campus police officer *Id.* at 87. The officer in that case then grasped the defendant and attempted to take *Pumphrey* into custody for disorderly conduct. *Pumphery* jerked, squirmed, twisted, turned and struggled all against the efforts of the campus police officer's efforts to physically restrain her in the process of making the arrest. *Id.* at 92. This Court found that those actions sufficiently supported *Pumphery's* conviction. *Id.*

The video in this case depicts officer Pehl approaching Appellant and then using his Taser within seconds. The video further depicts Appellant submitting to the direction of the officer without any clear display of force in any direction opposite to the Officer. (State's Exhibit 3). Applying *Cardova* cited above, courts must look at events occurring before, during and after the commission of the offence. When *Cardova* is applied, Curry did not

13

resist the arrest. In the context of these earlier actions of Curry contrasted against cases such as *Pumphery*, this case does not elevate to resisting arrest.

This Court rejected reasoning by other Courts that made a distinction force or lack of force directed at the arresting officer. *Id.* at 91. However, this case is more like the facts in *Sheehan v. State*, 201 S.W. 3d 820 (Tex. App. Waco 2006, no pet.) which is not overtly rejected but cited in a footnote of *Pumphery*. *Pumphery* at n.4. In *Sheehan*, the officers approached the defendant in that case and informed him he needed to go with them. When the officer in that case went to reach for the defendant's left arm, the defendant stood up and pulled his hands into his chest and leaned away. The officers then grabbed him, brought him to the ground, then got his hands behind his back, handcuffed him and walked him outside. *Id.* at 821.

Just like here, the physical contact in Pehl was so brief and limited that it cannot sustain a conviction from resisting arrest. At no point before Officer Pehl Tased Appellant and removed him from the car does Pehl or other officer definitively indicate that Appellant is under arrest.

Even giving full play to the responsibility of the fact finder to fairly resolve conflicts in testimony, to weigh the evidence, and to draw

reasonable differences from basic facts to ultimate fact no rational fact finder could have found that Curry effected resistance to the arrest.

Here, the officer already had the Appellant in his grasp with no clear opposing movement and in seconds the officer had brought to the Appellant to the exterior of the vehicle and handcuffed him. Evidence shows that at the end of the encounter Curry was moved off camera. There is no other indication from the evidence at trial that after Curry was handcuffed there was need for further restraint to prevent flight. (State's Exhibit 3). Again looking to the actions or events before, during and after the commission of the offence the facts do not amount to resisting arrest. Therefore the evidence brought at trial was insufficient and Curry's conviction should be overturned.

**Appellant Lacked The Necessary Intent**

Additionally, the state must prove that Appellant acted with a conscious objective or desire to cause the result, or that he was aware that his conduct was reasonably certain to cause the result. Tex. Penal Code Ann. § 6.03(a) & (b) (West 2011).

It is just as rational, if not more rational, that Appellants physical actions were the result of the electrocution he suffered at the hands of Officer Pehl's Taser when he grabbed the steering wheel of the car.

15

Proof that amounts to only a strong suspicion of guilt or a mere probability of guilt is insufficient to sustain a conviction. *Urbano v. State*, 837 S.W.2d 114, 116 (Tex.Crim.App. 1992); *Navarro v.State*, 810 S.W.2d 432, 435 (Tex. App.—San Antonio 1991, pet. refd).

It is the function of appellate courts to ensure that no one is convicted of a crime except upon proof beyond a reasonable doubt. *Shelton v. State*, 795 S.W.2d 162, 167 (Tex.Crim.App.1989). Due process requires no less. *Reedy v. State*, 214 S.W. 3d 567 (Tex. App.—Austin 2006).

In this case the trial court could only form a suspicion that Appellant intended resist arrest when there was no clear indication to Appellant at the time just before he was Tased, the officers were about to arrest him.

The State did not prove beyond a reasonable doubt that Appellant acted with a conscious objective or desire to resist arrest, or that he was aware that his conduct was reasonably certain to cause the result in this case.

## PRAYER FOR RELIEF

Wherefore, premises considered, Appellant respectfully prays that his conviction in the above entitled and numbered cause be reversed and acquit him. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,

_____/s/ Jason A. Duff_____
Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX  75403-0011
jasonaduff@hotmail.com
Attorney for the Appellant

**CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 1,661words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.


**_/s/ Jason A. Duff_**
Jason A. Duff
Attorney for the Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Collin County District Attorney's Office, on this the 20th day of January, 2015 and to the Court of Appeals in Texarkana via , by electronic delivery.

_____/s/ Jason A. Duff_____
Jason A. Duff
Attorney for the Appellant